Requestor: Richard G. Della Ratta, Esq., Schenectady Municipal Housing Authority 147 Barrett Street Schenectady, N Y 12305
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a conflict of interests exists under the following circumstances. The subject of your inquiry was elected as a tenant commissioner of the Schenectady Municipal Housing Authority in April of 1992. The housing authority publicly requested proposals for provision of recreational services for children and parenting instruction for young parents. The housing authority entered into a contract in May of 1993 with the Schenectady Boys and Girls Club for the provision of these services. The tenant commissioner has been employed as an instructor in this program by the Schenectady Boys and Girls Club since 1992 and in 1993 received $6292 as a part-time instructor.
You have informed us that the tenant commissioner recused herself from voting on the contract. Housing authorities are not covered by the interest in contract provisions of the General Municipal Law. General Municipal Law §§ 800(4), 801. (In any event, see § 802[1][b].) In our view, recusal was a sufficient remedy to eliminate any conflict of interests at the time the contract was discussed and approved. Recusal may be necessitated in the future if the contract or performance thereunder is discussed by the board. Recusal is an appropriate remedy to eliminate specific conflicts that from time to time affect public officials.
We conclude that a housing authority commissioner may serve as an employee of an entity providing services to the authority provided that she recuses herself when necessary to avoid conflicts of interests.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.